**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUN 2 3 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GREAT EASTERN ENTERTAINMENT CO., §<br>INC., a California Corporation §<br> Plaintiff, §<br> §<br>VS. §<br> §<br> §<br>AMANDA NAEEMI, an individual; §<br>MARYLAND ANIME, a business entity of §<br>unknown type; VK3388, LLC, AND §<br>DOES 1 - 10 §<br> Defendants. § | 14cv4731<br>Judge Harry D. Leinenweber<br>Magistrate Maria Valdez<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Great Eastern Entertainment, Co., Inc., ("Great Eastern") by its attorney, files

this Original Complaint against Amanda Naeemi, Maryland Anime, VK3388, LLC and

Unknown Doe Defendants 1 – 10 seeking damages, injunctive relief and other relief for

violations of its rights including, inter alia, passing off, trademark infringement, false

advertisement, unfair competition, deceptive trade practices and consumer fraud, and for cause,

respectfully shows the court as follows:

### JURISDICTION AND VENUE

1.     This cause of action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and

specifically under 15 U.S.C. § 1125(a), and related Illinois state statutes and common law.

Jurisdiction is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

2.     Venue is proper in this Court under 28 U.S.C. § 1391. A substantial part of the

acts and omissions giving rise to Plaintiff's claims occurred in this judicial district and

Defendants are subject to personal jurisdiction in this judicial district.

3.      Specifically, in May of 2014, Defendants rented a vendor space at the Hyatt Regency O'Hare in Rosemont, Illinois, as part of the midwest anime convention known as Anime Central. At this convention Defendants displayed, offered for sale and did sell merchandise bearing the name, logo and address of Great Eastern, but that was not actually created by Great Eastern. On May 17th, 2014, during this convention, Defendants were issued a citation from convention staff for "selling counterfeit items" and were warned that further violation would lead to "immediate ejection from the [convention] hall without refund."

## PARTIES

4.      Plaintiff, Great Eastern, is one of the leading makers of anime and video game merchandise in the United States. Anime is a style of motion picture animation originating in Japan that was once characterized by stark colors and high-action. The term now refers to virtually all animated motion picture content originating in Japan as well as similar looking animated motion pictures created elsewhere. Examples of anime and video game properties for which Plaintiff creates merchandise, through lawful licenses, include Attack on Titan, Dragon Ball Z, One Piece, Sailor Moon, Metal Gear Solid, and Mega Man. Examples of products created by Great Eastern include shoulder bags, keychains, wallets, cellphone charms, iPhone cases, t-shirts, wall scrolls, wrist bands, file folders, clocks, watches, notebooks and stationery.

5.      Defendant Amanda Naeemi is an entrepreneur believed to reside in Maryland. Her company, Maryland Anime, is a seller of anime-related merchandise. On information and belief, Defendant Naeemi's primary means of conducting business is the retail sale of merchandise at anime conventions and comic book conventions throughout the United States.

6.      Defendant Does 1 – 10 are unknown individuals believed to work for, work with,

manufacture or supply Defendant Naemmi with the counterfeit merchandise at issue.

## BACKGROUND AND FACTS

7.     Great Eastern Entertainment is renown in the anime community as one of the community's largest manufacturers of high quality, anime-related merchandise. Likewise, its distinctive logo has become a signifier of said quality for anyone who regularly purchases anime-related merchandise. Consumers at retail stores, conventions and trade shows seek out merchandise bearing the Great Eastern logo because they recognize it for quality and know that the products it is attached to have been authorized and approved by the creators of the underlying characters and stories on which the product is based.

8.     Great Eastern has earned a trusted reputation among anime studios from which it obtains its intellectual property licenses. This has come in part from the personal involvement of Great Eastern's President, Kent Hsu, who travels to studios in person to present company manuals regarding Great Eastern's manufacturing processes and related operations. These manuals are complete with photos detailing the procurement and storage of materials, training of personnel, operation of manufacturing equipment and quality assurance procedures. The presentations also include an examination of product samples, complete with product dismantling to reveal the various indicia that inform Great Eastern of a well-made product. Also available are a small handful of articles with flaws that, however slight, prompted Great Eastern to hold and remake those copies.

9.     Great Eastern's logo has been submitted to the United States Patent and Trademark Office for registration, but registration has not yet been granted.

10.     On May 16th of 2014, one of the largest anime conventions in the country commenced at the Hyatt Regency O'Hare in Chicago, Illinois. This convention is known as

Anime Central – The Midwest Anime and Manga Convention ("ACEN"). According to the organizers of the ACEN, more than 29,675 people attended the convention this year. One of the main draws of this convention, as with most anime conventions, is the "dealer's room." (aka "the exhibit hall") The dealer's room is typically the largest part of the convention space and was indeed the largest part of ACEN 2014. This is where vendors setup booths and tables to sell merchandise to the public, advertise products and services and sometimes conduct mini-events such as celebrity autographing, special announcements and costume contests.

11.    On the aisle containing the vendor spaces numbered in the 800 range, was a two-space section registered to Maryland Anime at spaces 835 and 837. Registration records from the convention reveal the alternate business name for Maryland Anime as VK3388, LLC. The business address listed was 7604 Anamosa Way, Derwood, MD Maryland, 20855. These records also show that the individual responsible for Maryland Anime was one "Amanda Naeemi" with the e-mail address amanda@marylandanime.com and the phone number 240-643-9534.

12.    On or about May 17th, 2014, Emmanuel Rivera, a Marketing Specialist for Aniplex, Inc. (a major anime studio and subsidiary of Sony Music Entertainment Japan) noticed suspicious merchandise for sale at the Maryland Anime booth at the ACEN convention. One item that stood out was the plush toy of character Kirito from Aniplex's animated motion picture series, Sword Art Online. Though the plush toy clearly depicted Kirito and was the same size as Aniplex's official Kirito plush toy, which is manufactured by Plaintiff, this item was of noticeably lesser quality. Its fabric was coarser and less flexible than the fabric of the official plush toy. It was also missing details of the Kirito costume, such as the belt and the upper outlining of the jacket. Most noticeably, it lacked the sewn-in tag that should have displayed Plaintiff's name and company logo, had the item been created by Plaintiff. But this item was not

created by or at the direction of Plaintiff.

13. The most damning evidence of the illicit origin of this merchandise was the tag hanging from it. At first glance, the tag appeared to be a tag from Plaintiff, Great Eastern, but the tag was riddled with odd typographical errors and bore a QR code[1] that did not direct customers to Great Eastern's website, but instead directed them to Chinese manufacturer Guangdong Yaodonghua Furniture Boards Co., Ltd. via the website www.yaodonghua.net.cn The typographical errors are as follows:

- A missing space in the street address: 855 WestWalnut St.
- An improperly capitalized abbreviation for the USA: u.S.A.
- A missing space in the geographic indicator: Madein China

14. Upon seeing this fake tag subsequent to seeing the other flaws with the merchandise, Mr. Rivera became certain that this merchandise was not created by any party authorized by Aniplex, including Plaintiff Great Eastern, thus meaning that its sale was a violation of Aniplex's intellectual property rights as well as Plaintiff's. As such, Mr. Rivera promptly reported the counterfeit merchandise to the convention staff. Because Aniplex is the owner of the underlying intellectual property and Mr. Rivera is an agent of Aniplex, the convention staff did not require any evidence of infringement beyond that of Mr. Rivera's statement.

15. In response, the convention staff served Maryland Anime with a written warning notice. This notice listed the type of offense as "Violating Terms of Contract" and "Selling

---

[1] A QR code (quick response code) is a type of matrix barcode that is readable by most modern mobile phones, via the camera, and contains information about the item to which it is attached—typically a website address.

counterfeit plush & items."[2] The description of the infraction on the notice repeats this point, stating, "Maryland Anime was caught selling counterfeit plush & items." The notice lists the plan for improvement as, "Maryland Anime is to remove all counterfeit items from view, sale and within the hall." It concludes with a statement of consequences for further infractions which is, "Immediate ejection from the hall without refund." A copy of the notice was signed by one of the John Doe defendants in the presence of Mr. Rivera, whom he describes as an unknown female of Asian descent.

### COUNT I
### FALSE ADVERTISING IN VIOLATION
### OF THE LANHAM ACT, 15 U.S.C. § 1125(A) ET SEQ.

16.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 15 above as if fully set forth herein.

17.     Defendants have made false and/or misleading statements on their product labeling in violation of the Lanham Act, 15 U.S.C. § 1125.

18.     Defendants' labeling is likely to deceive customers regarding the true nature and origin of their merchandise.

19.     Defendants' labeling has and will continue to materially influence purchasing decisions to the extent that customers choose Defendants' products instead of those offered by Plaintiff Great Eastern.

20.     Defendants' false and misleading advertising claims have resulted in the loss of current and prospective customers who, but for Defendants' false labeling, would have purchased Plaintiff's authentic merchandise.

---

[2] In the anime community, plush figures/dolls/toys are more commonly referred to simply as "plush" or "plushes" than plush toy(s).

21.    Defendants' statements affect interstate commerce.

22.    Defendants knew their product labels were false and/or misleading and that their products did not originate from Great Eastern, despite the indication on the labeling.

23.    As a direct and proximate result of Defendants' conduct, Great Eastern has and continues to incur actual harm, entitling Great Eastern to an injunction, corrective advertising, treble damages, Defendants' profits derived from their unlawful acts and increased pursuant to the principles of equity in accordance with the provisions of 15 U.S.C. §§ 1116 and 1117.

## COUNT II
## PASSING OFF UNDER ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT UNDER 815 ILCS 510 ET SEQ.

24.    Great Eastern realleges and incorporates by references the allegations in paragraphs 1 through 23 of this Complaint.

25.    The foregoing acts of Defendants constitute a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.*

26.    Under the Illinois Uniform Deceptive Trade Practices Act, "[a] person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person ... (1) passes off goods or services as those of another; (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services."[3]

27.    As set forth above, Defendants' false labeling is likely to deceive customers regarding the true nature and origin of Defendants' knockoff Kirito plush.

28.    Should such deception continue, it will produce irreparable injury to Great Eastern, and to Aniplex, by allowing Defendants to continue selling counterfeit merchandise that

---

[3] 815 ILCS 510/2(a)

Defendants have passed off as Great Eastern's merchandise.

29.     Defendants' actions have caused Great Eastern to suffer harm and, unless enjoined by this Court, will cause Great Eastern to continue to suffer harm to its operation, reputation and consumer goodwill.

30.     On information and belief, or as a reasonable opportunity for discovery will show, Defendants willfully engaged in one or more deceptive trade practices.

31.     Upon information and belief, the conduct alleged was and continues to be malicious, willful and wanton.

32.     As a result of Defendants' wrongful conduct, Great Eastern is entitled to injunctive relief, Defendants' profits, damages, attorneys' fees, and costs.

**COUNT III**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE**
**BUSINESS PRACTICES ACT UNDER 815 ILCS 505 ET SEQ.**

33.     Great Eastern realleges and incorporates by reference the allegations in Paragraphs 1 through 32 of this Complaint.

34.     The foregoing acts of Defendants constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.*

35.     The Illinois Consumer Fraud and Deceptive Business Practices Act provides that "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act' … in the conduct of any trade or commerce are hereby declared unlawful whether any

person has in fact been misled, deceived or damaged thereby."[4]

36.     Defendants' false and/or misleading labeling is likely to deceive customers regarding the true nature and origin of Defendants' plush merchandise.

37.     Should such deception continue, it might cause irreparable injury to the goodwill that Plaintiff has steadily built up in its brand, as well as injury to Great Eastern's operation and reputation.

38.     Upon information and belief and as a reasonable opportunity for discovery will show, Defendants willfully engaged in one or more deceptive trade practices.

39.     As a result of Defendants' wrongful conduct, Great Eastern is entitled to injunctive relief, Defendants' profits, damages, attorneys' fees, and costs.

40.     Upon information and belief, the conduct alleged was and continues to be intentional, malicious, willful, and wanton.

41.     The conduct alleged has damaged Great Eastern in an amount not yet determined.

## JURY DEMAND

42.     Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Great Eastern prays for judgment against Defendant as follows:

a.  Order, adjudge and decree that Defendants have engaged in false adverting, promotion, and descriptions under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), awarding Great Eastern treble its damages, Defendants' profits derived from their unlawful acts, increased pursuant to the principles of equity, corrective

---

[4] 815 ILCS 505/2

advertising, and Great Eastern's costs of suit and reasonable attorneys' fees;

b. Order, adjudge and decree that Defendants have made false and misleading statements in commercial advertisements in violation of 15 U.S.C. § 1125(a);

c. Order, adjudge and decree that Defendants' acts constitute a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* and award Great Eastern damages and issuance of a permanent injunction for the same;

d. Order, adjudge and decree that Defendants' acts constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.*;

e. Issue a preliminary injunction and a permanent injunction prohibiting Defendants, their principals, officers, agents, servants, attorneys, employees and all others in privity with it from:

    i. making false or misleading statements in commercial advertisements about the true nature, characteristics, qualities and/or geographic origin of Great Eastern's products;

    ii. labeling their products in a manner that indicates that the products are made, endorsed, sponsored, affiliated with or authorized by Great Eastern Entertainment;

    iii. assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities described above;

f. Order Defendants to deliver for destruction all labels, signs, prints, packages, wrappers, receptacles, letterhead or form letters, or other materials in its possession, custody, or control, bearing any simulation, reproduction, copy or colorable imitation of any advertising containing the false statements, and all plates, matrices, and other

means of making the same under 15 U.S.C. § 1118;

g. Award Great Eastern (i) Defendants' profits from its illegal conduct, (ii) damages sustained by Great Eastern, and (iii) the cost of the action under 15 U.S.C. § 1117(a), 815 ILCS 505/10a and common law as applicable;

h. Award Great Eastern three times Defendants' profits or Great Eastern's damages, whichever is greater, and prejudgment interest under 15 U.S.C. § 1117(b);

i. Award Great Eastern punitive damages under 815 ILCS 505/10a and the common law;

j. Award Great Eastern its reasonable attorneys' fees under 15 U.S.C. § 1117(a).


Respectfully Submitted,

s/ *E. F. Stone*

Evan Stone
Stone & Vaughan, PLLC
Texas Bar No. 24072371
624 W. University Dr., #386
Denton, Texas 76201
Phone: 469-248-5238
E-mail: evan@stonevaughanlaw.com