IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**GREAT EASTERN ENTERTAINMENT CO., INC., and FUNIMATION ENTERTAINMENT,**

**Plaintiffs,**

v.

**AMANDA NAEEMI,** *et al.,*

**Defendants.**

Case No. 14 C 4731

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Amanda Naeemi's ("Naeemi") Motion for Rule 11 Sanctions against Plaintiffs Great Eastern Entertainment Co., Inc. ("Great Eastern") and FUNimation Entertainment ("FUNimation") [ECF No. 54]. For the reasons stated herein, Naeemi's Motion is denied.

### I. BACKGROUND

Naeemi worked for Maryland Anime, a small business dedicated to "anime," a popular and distinctive style of Japanese animation. Plaintiffs accused Naeemi of violating trademark, copyright, and state law through the alleged sale of unauthorized plush toys and backpacks at various anime conventions.

Efforts to settle the case in April 2015 fizzled, and Plaintiffs rejected Naeemi's subsequent request to dismiss her from the case. On June 26, 2015, Naeemi served the instant Motion for Sanctions on Plaintiffs, arguing that they had no evidence against her to take the case to trial.

In spite of Naeemi's objections, the case proceeded to a bench trial on August 3, 2015. Early in the one-day trial, the Court dismissed Naeemi for want of prosecution because she had not agreed to Plaintiffs' untimely Pretrial Order. However, the case proceeded against Naeemi's Co-Defendant, Vanessa Waldrop ("Waldrop"), who had agreed to the Order. Ultimately, the Court found in favor of Waldrop and against Plaintiffs.

## II. **LEGAL STANDARD**

Rule 11(b) provides that each time an attorney presents a pleading to a court, "whether by filing, submitting, or later advocating it," he or she certifies that the pleading is not being presented for an improper purpose and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(1), (3).

"The decision to impose sanctions is left to the discretion of the trial court in light of the available evidence." *Divane v. Krull Elec. Co., Inc.,* 200 F.3d 1020, 1025 (7th Cir. 1999). In determining whether sanctions are appropriate, the Court must make "an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39,* 443 F.3d 556, 560 (7th Cir. 2006) (citation and internal quotations omitted). Rule 11 sanctions are to be imposed sparingly, *Hartmarx Corp. v. Abboud,* 326 F.3d 862, 867 (7th Cir. 2003), and the party seeking sanctions carries a "high burden" in showing that they are warranted. *Lundeen v. Minemyer,* No. 09 C 3820, 2010 WL 5418896, at *3 (N.D. Ill. Dec. 17, 2010). The core purpose of Rule 11 is to deter baseless filings, not to shift fees. *Cooney v. Casady,* 735 F.3d 514, 523 (7th Cir. 2013).

### III. <u>ANALYSIS</u>

Naeemi asks this Court to impose sanctions against both Great Eastern and FUNimation. She argues that Great Eastern should be sanctioned for refusing to dismiss her from the case after failing to produce evidence of her liability during discovery, and FUNimation — which joined Great Eastern's Second Amended Complaint — should be

sanctioned for suing her in the first place.  Plaintiffs urge this Court to deny Naeemi's Motion because (1) no sanctionable conduct occurred, and (2) it is procedurally improper.

Plaintiffs argue that no sanctionable conduct occurred because "a Rule 11 motion for sanctions may only apply to court filings, not the subsequent continuation of a lawsuit after discovery."  However, this assertion is incorrect under the current version of the Rule.  None of the cases Plaintiffs cite in support of this contention postdate the 1993 amendment to Rule 11, which clearly prohibits "later advocating" a groundless position after a paper is filed. *See, e.g., Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 610 (7th Cir. 2008).  If an attorney cannot obtain evidentiary support for an allegation after a reasonable opportunity for further investigation, he or she "has a duty under [Rule 11] not to persist with the contention." FED. R. CIV. P. 11(b) advisory committee's note to 1993 amendment.

The Court now turns to whether Plaintiffs' factual contentions had sufficient evidentiary support under Rule 11(b)(3).  Naeemi argues that uncontroverted evidence shows that she was just an independent contractor, never personally sold any of the unauthorized items, and did not

"derive any direct economic benefit from the sale of merchandise by Maryland Anime."

In response, Plaintiffs attempt to argue that a conflict of interest between Naeemi and Waldrop, which prompted their first attorney to withdraw, indicated that "the parties shared culpability for the acts giving rise to Plaintiffs' claims" and suggested that "one defendant would turn against the other." Such suspicions fall far short of the "evidentiary support" that Rule 11(b)(3) requires.

However, Plaintiffs did offer some evidence in support of their decision to include Naeemi as a defendant. As Plaintiffs asserted at trial, the "only proof . . . that [Maryland Anime] was [Naeemi's] business is her name on the registration for the website, her name on the Facebook page, and her name on the booth rental. She's everywhere. We found out about defendant Waldrop later." (Trial Tr. at 46.) While Naeemi never sold any of Maryland Anime's products personally, her affiliation with the company gave Plaintiffs some basis for pursuing their claims against her. Ultimately, Naeemi was dismissed from the suit because she did not consent to Plaintiffs' untimely Pretrial Order, not because the Court found Plaintiffs' claims to be baseless.

Plaintiffs' evidence against Naeemi was weak, but not so groundless as to warrant sanctions. *See, Bilharz v. First Interstate Bank of Wisc.,* 98 F.3d 985, 989 (7th Cir. 1996) ("Here, although Bilharz' arguments were undoubtedly weak, we cannot say that her claims were so devoid of factual support that sanctions were appropriate."). Plaintiffs initially chose Naeemi as the lead defendant in the case because "all of the evidence collected to the time of filing indicated that Naeemi was the party directing the operations of Maryland Anime." While later acknowledging that Naeemi did not sell Maryland Anime merchandise herself, the extent of her involvement with the company offered a limited factual basis for including her in the lawsuit. Moreover, there is no evidence that Plaintiffs sought to keep Naeemi in the suit for an improper purpose such as harassment. Because the Court finds that Plaintiffs' conduct does not violate Rule 11(b), the Court need not address Plaintiffs' procedural arguments.

Naeemi has also requested relief under the Copyright Act, which "allows for a discretionary award of fees to the prevailing party in such actions, and treats successful defendants the same as successful plaintiffs." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 522 (1994). Courts examine several factors in determining whether an award of fees is

appropriate, including "frivolousness, motivation, objective unreasonableness, . . . [and] deterrence." *Id.* at 535 n.19. Although Plaintiffs' case was undoubtedly weak and extended far longer than it should have, the Court has already concluded that there was at least some basis for Plaintiffs' claims, and that the case against Naeemi was not frivolous or brought for an improper purpose. Consistent with its decision not to award fees to Waldrop under the Copyright Act, the Court declines to award fees to Naeemi.

## IV. CONCLUSION

For the reasons stated herein, Naeemi's Motion for Rule 11 Sanctions [ECF No. 54] is denied.

**IT IS SO ORDERED.**

                              Harry D. Leinenweber, Judge
                              United States District Court

Dated:11/5/2015